# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| ASSOCIATION OF CITIZENS TO PROTECT AND PRESERVE THE ENVIRONMENT OF THE OAK GROVE COMMUNITY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: **2:07-CV-378-MEF** ) |
| UNITED STATES FEDERAL AVIATION ADMINISTRATION, RANS BLACK, KEAFUR GRIMES, et al. | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM IN SUPPORT OF THE FEDERAL AVIATION ADMINISTRATION'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff, the Association of Citizens to Protect and Preserve the Environment of

the Oak Grove Community, seeks an injunction preventing the Federal Aviation

Administration (FAA) from taking any action, including the expenditure of federal funds,

in support of the City of Troy's project to improve the Troy Municipal Airport.

Complaint ¶ 1, Wherefore ¶¶ 1-2.  Plaintiff alleges that the FAA is in violation of the

National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4347, and its own

environmental regulations because it has not performed an Environmental Impact

Statement (EIS) on the Troy Municipal Airport development project.  Complaint ¶¶ 1, 15-18.  This Court lacks subject-matter jurisdiction over plaintiff's claims because Title 49 U.S.C. § 46110 (Supp. 2007) grants the Courts of Appeals exclusive jurisdiction to review most FAA orders, including FAA orders authorizing airport development projects.  *See, City of Oxford, GA v. FAA*, 428 F.3d 1346, 1349 n. 2 (11th Cir. 2005)(holding that Court of Appeals has jurisdiction over NEPA challenge to airport improvement project pursuant to 49 U.S.C. § 46110).

## FACTS

The Troy Municipal Airport is a public, general aviation airport located within the corporate limits of the City of Troy in Pike County, Alabama.  Complaint ¶ 1; Complaint, Exhibit A, Environmental Assessment (EA) at 3.  The City of Troy requested federal funding for improvements to the airport through the FAA's Airport Improvement Program.  Complaint ¶ 8.  The project involves extending the main runway and improving the runway safety area, taxiway, and airfield lighting systems.[1]  Complaint ¶ 9; Complaint, Exhibit A, EA at 1.  The airport must acquire approximately 90 acres of land

---

[1]Specifically, the project consists of the following: (a) acquire approximately 90 acres of land; (b) extend the existing 5,009 foot runway approximately 1,500 feet for a total runway length of 6,509 feet; (c) extend the existing parallel taxiway approximately 1500 feet in conjunction with the runway extension; (d) grade and improve the Runway Safety Area (RSA) which is 400 feet wide and extends 1,000 feet beyond each runway end; (e) relocate a section of the existing taxiway; (f) relocate approach visual aids and glide slope antenna; (g) install Runway End Identification Lights (REILS) and Precision Approach Path Indicator (PAPI) lights; and (h) apply new runway and taxiway markings.  Complaint ¶ 9; Complaint, Exhibit A, Environmental Assessment at 1.

2

for the project. Complaint, Exhibit A, EA at 1. The purpose of the project is to provide the public with a modern aviation facility that will safely accommodate a wide variety of general aviation aircraft, including business jets. *Id.*

In December 2004, the City submitted an Environmental Assessment (EA) of the project to the FAA.[2] Complaint, Exhibit A, EA. The EA was prepared by the City's contractor, Barge, Waggoner, Sumner and Cannon, Inc. *Id.*, EA cover sheet. The City submitted the EA pursuant to FAA Order 5050.4, Chpt. 2, § 12 which requires the project sponsor to prepare the EA. 45 FR 56627. The EA includes the following sections: Description of Proposed Project; Decision Required; Project History; Existing Conditions and Trends; Purpose and Need for Project; Alternatives; and Social and Environmental Consequences. *See*, Complaint, Exhibit A, EA, Table of Contents. It contains seven appendices: (A) Runway Extension Justification Report; (B) Correspondence; (C) Phase I Cultural Resource Assessment; (D) Wetland Delineation Report; (E) Wetland Preliminary Mitigation Plan; (F) Ecological Assessment; and (G) Public Hearing Documentation. *Id.*

The EA explains in the "decision required" section that NEPA requires the FAA to consider the environmental consequences of proposed airport improvement projects. Complaint, Exhibit A, EA, at 2. "The purpose of the EA is to help the FAA decide whether there are significant environmental impacts associated with the project. If so, then a more detailed Environmental Impact Statement (EIS) is needed. If not, then a

_____

[2]Plaintiff has incorporated the complete EA by reference in its complaint. Complaint ¶ 12.

3

Finding of No Significant Impact (FONSI) will be issued, and no further analysis will be required." *Id. See also, City of Oxford*, 428 F.3d at 1352-53 (explaining that an EA is a document that allows an agency to determine whether to prepare an EIS or issue a FONSI).

The City conducted a public hearing on the EA on July 15, 2004. Complaint, Exhibit A, EA, Appendix G, Public Hearing Docs. The FAA approved the EA on August 9, 2005. Complaint ¶ 11; Complaint, Exhibit A, EA, cover sheet. On August 15, 2005, the FAA issued a finding of no significant impact (FONSI).[3] Complaint ¶ 12, Exhibit B, FONSI. The FONSI states under the heading "Federal Findings" that "[a]fter careful and thorough consideration of the facts contained herein, the undersigned finds that the proposed Federal action is consistent with existing and national environmental policies and objectives as set forth in section 101 (a) of the National Environmental Policy Act of 1969 (NEPA) and that it will not significantly affect the quality of the human environment [.]" Complaint, Exhibit B, FONSI, signature page. The FONSI states under the heading "Right of Appeal" that "[t]his decision constitutes the Federal approval of the actions identified above and any subsequent actions approving a grant of federal funds to [the] City of Troy. **This action is taken pursuant to 49 U.S.C. Subtitle VII, Parts A and B, and constitutes a Final Order of the Administrator subject to review by the courts of appeals [of] the United States in accordance with 49 U.S.C. § 46110.**" *Id.*

_____

[3]Plaintiff has incorporated the complete FONSI by reference in its complaint. Complaint ¶ 12.

(emphasis added). On August 29, 2005, the FAA made a grant to the City for 95 percent of the project cost up to one million, one-hundred and fifty thousand dollars ($1,150,000). Def. Ex. 1, Grant Agreement.[4]

In May 2007, almost two years after the FAA issued the FONSI and made the grant, plaintiff filed suit in this Court seeking a preliminary and permanent injunction preventing the FAA from taking any action on the project "unless and until the FAA has fully complied with all requirements of NEPA and its own regulations."[5]  Complaint, Wherefore ¶ 2.   They allege that the FAA's decision to issue the FONSI was "arbitrary, capricious and an abuse of discretion" and that, contrary to the FONSI, "the project is a major Federal action requiring the preparation of an Environmental Impact Statement." Complaint ¶¶ 16-17.  *See also*, Complaint ¶¶ 18-22.  By order dated July 17, 2007, this Court denied plaintiff's motion for a preliminary injunction.

---

[4]Consideration of matters outside the pleadings does not automatically convert a Rule 12 (b)(1) motion to a motion for summary judgment as it does for a motion pursuant to Rule 12 (b)(6).  *See, Williamson v. Tucker*, 645 F.2d 404, 412-14 (former 5th Cir. 1981)(explaining that the District Court has the power to dismiss for lack of subject-matter jurisdiction based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts).  Here, the grant document presents additional undisputed facts.

[5]Plaintiff sues both the FAA and Rans Black and Keafur Grimes in their official-capacities as FAA officials.  Complaint ¶¶ 3-6.  "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Accordingly, all defendants will be referred to collectively as the FAA.  *See also*, Complaint ¶ 6.

## ARGUMENT

### This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims.

This Court lacks subject-matter jurisdiction because § 46110 of Title 49 grants the Courts of Appeals exclusive jurisdiction to review most FAA orders, including orders approving airport development projects. The statutory scheme governing aviation programs, controlling Eleventh Circuit case law, and the FAA FONSI itself all establish that this Court lacks subject-matter jurisdiction over plaintiff's challenge to the Troy Municipal Airport improvement project.

Subtitle VII of Title 49 (Transportation) governs Aviation Programs. 49 U.S.C. §§ 40101-49112 (1997 & Supp. 2007). The Aviation Programs subtitle of Title 49 is divided, in relevant part, into Part A-"Air Commerce and Safety," 49 U.S.C. §§ 40101-46505, and Part B-"Airport Development and Noise," 49 U.S.C. §§ 47101-47533. The FAA authorized the Troy Municipal Airport project pursuant to Part B, Chapter 471-"Airport Development," Subchapter I-"Airport Improvement." 49 U.S.C. §§ 47101-47142 (1997 & Supp. 2007). *See*, Complaint ¶ 8. Specifically, 49 U.S.C. § 47104 authorizes the Secretary of Transportation to make project grants for airport development in order "to maintain a safe and efficient nation-wide system of public use airports that meets the present and future needs of civil aeronautics." 49 U.S.C. § 47104 (a) (1997 & Supp. 2007).

The judicial review provision of the Aviation Programs subtitle states that "a

person disclosing a substantial interest in an order issued . . . in whole or in part under this part [part A], **part B**, or subsection (l) or (s) of section 114 **may apply for judicial review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business**." 49 U.S.C. § 46110 (a)(emphasis added).  The "court [of appeals] has **exclusive jurisdiction** to affirm, amend, modify, or set aside any part of the order and may order the Secretary, Under Secretary, or Administrator to conduct further proceedings." 49 U.S.C. § 46110 (c)(emphasis added).  *Id.*

Plaintiff alleges that the FAA's decision to issue a FONSI rather than prepare an EIS violated NEPA and FAA environmental regulations.  Complaint ¶¶ 16-21.  The FONSI itself, which plaintiff incorporates by reference in its complaint, states under the heading "Right of Appeal" that "[t]his decision constitutes the Federal approval of the actions identified above and any subsequent actions approving a grant of federal funds to [the] City of Troy.  **This action is taken pursuant to 49 U.S.C. Subtitle VII, Parts A and B, and constitutes a Final Order of the Administrator subject to review by the courts of appeals [of] the United States in accordance with 49 U.S.C. § 46110.**" (emphasis added).  The FAA decision to issue a FONSI and any subsequent FAA action taken in reliance upon it are not subject to review in this Court.

In addition to the above-quoted language in the FONSI, the Court of Appeals

recently held that § 46110 grants it jurisdiction to review NEPA challenges to airport development projects. *City of Oxford*, 428 F.3d at 1349 n. 2   The *City of Oxford* case is essentially identical to the case at bar and controls the jurisdictional issue now before the Court. *City of Oxford* involved a project to extend the runway at the Covington Municipal Airport in Covington, Georgia. *Id.* at 1350. As here, the project sponsor prepared an EA discussing the environmental impacts of the proposed project. *Id.* The FAA then issued a FONSI approving the project. *Id.* at 1351.

The City of Oxford, Georgia, which abuts the airport, was opposed to the runway extension. The City of Oxford filed a petition for review in the Eleventh Circuit arguing that the FAA's environmental review process violated NEPA and the National Historic Preservation Act (NHPA). *Id.* The Eleventh Circuit held that 49 U.S.C. § 46110 (a) granted it jurisdiction over Oxford's challenge to the Covington airport project. *Id.* at 1349 n. 2. The clear language of § 46110 (c) makes that jurisdiction exclusive. 49 U.S.C. § 46110 (c)(stating that "the court [of appeals] has exclusive jurisdiction"). *City of Oxford* mandates dismissal of this action.

In addition to the above binding precedent, two recent District Court cases confirm that § 46110 deprives them of jurisdiction over environmental challenges to airport improvement projects. In *West v. Secretary of Transportation*, 2007 WL 1747178, *1 (W.D. Wash. 2007)(Slip Copy), plaintiff alleged, *inter alia*, that the FAA violated NEPA and the Administrative Procedures Act (APA) when it authorized an airport improvement

project at Olympia Regional Airport.  The District Court held that "[t]urning to the NEPA/APA claims . . . this court has no jurisdiction to hear such a claim under 49 U.S.C. § 46110."  *Id.* at *2.  Similarly, in *St. Johns's Church of Christ v. City of Chicago*, et al., 401 F. Supp.2d 887, 901-906 (N.D. Ill 2005), plaintiffs challenged a proposed expansion of O'Hare International Airport.  They brought claims against the FAA alleging violations of NEPA, the NHPA, and APA.  *Id.* at 891.  The Court held that § 46110 granted the Courts of Appeals exclusive jurisdiction and explained that "the fact that a plaintiff alleges violations of substantive laws that could otherwise be brought in district court does not defeat appellate court jurisdiction."  *Id.* at 902.

Finally, the legislative history of § 46110 supports exclusive jurisdiction in the Courts of Appeals.  Congress amended § 46110 in 2003 to explicitly include orders issued under Part B-"Airport Development and Noise" of the Aviation Programs subtitle, 49 U.S.C. §§ 47101-47533.  The conference report on the 2003 amendment states that "[t]he intent is to clarify that **decisions to take actions authorizing airport development projects are reviewable in the circuit courts of appeals** under section 46110, notwithstanding the nature of the petitioner's objections to the decision."  H.R. Conf. Rep. 108-240, WL 21734243 *153 (Leg. Hist.)(2003)(emphasis added).  Accordingly, this Court lacks subject-matter jurisdiction over plaintiff's challenge to the Troy Municipal Airport improvement project.

## CONCLUSION

For the above reasons, plaintiff's claims should be dismissed in their entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 1st day of August, 2007.

LEURA G. CANARY
United States Attorney


By:    /s/Stephen M. Doyle
STEPHEN M. DOYLE
Chief, Civil Division
Assistant United States Attorney
Attorney for Defendants
Post Office Box 197
Montgomery, AL  36101-0197
District of Columbia Bar No. 422474
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
**E-mail:  stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Benjamin Max Bowden, Esquire.


   /s/Stephen M. Doyle
Assistant United States Attorney

10

# DEFENDANTS'
# EXHIBIT 1



**U. S. Department
of Transportation
Federal Aviation
Administration**

# GRANT AGREEMENT

**Date of Offer: August 24, 2005**

**Project Number 3-01-0071-010-2005**

**RECIPIENT: CITY OF TROY, ALABAMA** (Herein Called Sponsor)

**TROY MUNICIPAL AIRPORT**

## OFFER

THE FEDERAL AVIATION ADMINISTRATION, FOR AND ON BEHALF OF THE UNITED STATES, HEREBY OFFERS AND AGREES to pay, as the United States' share, 95 percent of the allowable costs incurred in accomplishing the project consisting of the following:

> Extend runway (acquire land — property interest satisfactory to the Administrator in Parcels 2, 3, 4, 5, and 6, as shown on the Exhibit "A" property map dated August 16, 2005); environmental mitigation

as more particularly described in the Project Application dated August 22, 2005.

The maximum obligation of the United States payable under this Offer shall be $1,150,000.00 for land.

This offer is made in accordance with and for the purpose of carrying out the provisions of Title 49, United States Code, herein called Title 49 U.S.C. Acceptance and execution of this offer shall comprise a Grant Agreement, as provided by Title 49 U.S.C., constituting the contractual obligations and rights of the United States and the Sponsor.

UNITED STATES OF AMERICA
FEDERAL AVIATION ADMINISTRATION

Manager, Airports District Office, Jackson, MS

## ACCEPTANCE

The Sponsor agrees to accomplish the project in compliance with the terms and conditions contained herein and in the document "Terms and Conditions of Accepting Airport Improvement Program Grants" dated March 29, 2005.

Executed this ___ day of _____, 20 __.

CITY OF TROY, ALABAMA

(Seal)

Attest _____
Clerk / Treasurer

Title _____

Signature of Sponsor's Designated Official Representative
mayor

Title _____

Page 2

## CERTIFICATE OF SPONSOR'S ATTORNEY

I, Richard F. Calhoun _____, acting as Attorney for the Sponsor do hereby certify:

That in my opinion the Sponsor is empowered to enter into the foregoing Grant Agreement under the laws of the State of Alabama. Further, I have examined the foregoing Grant Agreement, and the actions taken by said Sponsor relating thereto, and find that the acceptance thereof by said Sponsor and Sponsor's official representative has been duly authorized and that the execution thereof is in all respects due and proper and in accordance with the laws of the said State and Title 49 U.S.C. In addition, for grants involving projects to be carried out on property not owned by the Sponsor, there are no legal impediments that will prevent full performance by the Sponsor. Further, it is my opinion that the said Grant Agreement constitutes a legal and binding obligation of the Sponsor in accordance with the terms thereof.

_____
Signature of Sponsor's Attorney

August 30, 2005
_____
Date

Version 7/03

| APPLICATION FOR FEDERAL ASSISTANCE | 2. DATE SUBMITTED<br>August 19, 2005 | Applicant Identifier<br>2005-1 |
|---|---|---|

| 1. TYPE OF SUBMISSION | | 3. DATE RECEIVED BY STATE | State Application Identifier |
|---|---|---|---|

| *Application* | *Pre-application* |
|---|---|
| ☐ Construction | ☐ Construction |
| ☒ Non-Construction | ☐ Non-Construction |

| 4. DATE RECEIVED BY AGENCY | Federal Identifier<br>AIP 3-01-0071-010-2005 |
|---|---|

**5. APPLICANT INFORMATION**

| Legal Name:<br>**City of Troy** | Organizational Unit: **Municipality** |
|---|---|
| | Department: |
| Organizational DUNS: | Division: |
| Address:<br>Street: **P.O. Box 549** | Name and telephone of person to be contacted on matters involving this application (give area code) |
| | Prefix: **Mr.**          First Name: **Calvin** |
| City:  **Troy** | Middle Name: |
| County: **Pike** | Last Name: **Lott** |
| State:  **Alabama**      Zip Code: **36081** | Suffix: |
| Country: United States | Email: |

| 6. EMPLOYER IDENTIFICATION NUMBER (EIN):<br>6 3 - 6 0 0 1 3 7 7 | Phone Number (give area code)<br>(334) 670 - 6006 | Fax Number (give area code)<br>(334) 670 - 6004 |
|---|---|---|

| 8. TYPE OF APPLICATION | 7. TYPE OF APPLICANT (See back of form for Application Types) |
|---|---|
| ☒ New    ☐ Continuation    ☐ Revision<br><br>If Revision, enter appropriate letter(s) in box(es)<br>(See back of form for description of letters.) ☐ ☐<br><br>Other (specify) | **Municipality**<br>Other (Specify) |

| 10. CATALOG OF FEDERAL DOMESTIC ASSISTANCE NO.<br>2 0 - 1 0 6<br>TITLE (Name of Program): **Airport Improvement Program** | 9. NAME OF FEDERAL AGENCY:<br>**Federal Aviation Administration** |
|---|---|

| | 11. DESCRIPTIVE TITLE OF APPLICANT'S PROJECT:<br>**Land Acquisition for Runway 07/25 Extension**<br>**Wetland Mitigation**<br>**Topo Survey**<br>**Geotechnical Testing**<br>**Preliminary Enginnering** |
|---|---|

12. AREAS AFFECTED BY PROJECT (Cities, Counties, States, etc.):
**Troy, Pike County, Alabama**

| 13. PROPOSED PROJECT | | 14. CONGRESSIONAL DISTRICTS OF: | |
|---|---|---|---|
| Start Date<br>**September 2005** | Ending Date<br>**September 2006** | a. Applicant<br>**2nd** | b. Project<br>**2nd** |

| 15. ESTIMATED FUNDING: | | 16. IS APPLICATION SUBJECT TO REVIEW BY STATE EXECUTIVE ORDER 12372 PROCESS? |
|---|---|---|
| a. Federal | $ 1,150,000.<sup>00</sup> | a. YES. ☐  THIS PREAPPLICATION/APPLICATION WAS MADE AVAILABLE TO THE STATE EXECUTIVE ORDER 12372 PROCESS FOR REVIEW ON: |
| b. Applicant | $ 30,263.<sup>00</sup> | DATE : _____ |
| c. State | $ 30,263.<sup>00</sup> | |
| d. Local | $        .<sup>00</sup> | b. NO.   PROGRAM IS NOT COVERED BY E.O. 12372 |
| e. Other | $        .<sup>00</sup> | ☒  OR PROGRAM HAS NOT BEEN SELECTED BY STATE FOR REVIEW |
| f.  Program Income | $        .<sup>00</sup> | 17. IS THE APPLICANT DELINQUENT ON ANY FEDERAL DEBT? |
| g.  TOTAL | $ 1,210,526.<sup>00</sup> | ☐ Yes, If "Yes", attach an explanation    ☒ No |

18. TO THE BEST OF MY KNOWLEDGE AND BELIEF, ALL DATA IN THIS APPLICATION/PREAPPLICATION ARE TRUE AND CORRECT. THE DOCUMENT HAS BEEN DULY AUTHORIZED BY THE GOVERNING BODY OF THE APPLICANT AND THE APPLICANT WILL COMPLY WITH THE ATTACHED ASSURANCES IF THE ASSISTANCE IS AWARDED.

| a. Authorized Representative | | |
|---|---|---|
| Prefix **Honorable** | First Name: **Jimmy** | Middle Name: |
| Last Name: **Lunsford** | | Suffix: |
| b. Title: **Mayor** | | c. Telephone: **(334) 670-6006** |
| d. Signature of Authorized Representative: | | e. Date Signed: **8/22/05** |

Previous Editions Usable
Authorized for Local Reproduction

Standard Form 424 (Rev 9-2003)
Prescribed by OMB Circular A-102

**GRANT AGREEMENT**
**ENGINEERING WORKSHEET**

PART A: PREPARED BY SPONSOR'S ENGINEER OR REPRESENTATIVE

| AIRPORT: Troy Municipal Airport | | | | LOCATION: Troy, Alabama | | | FAA AIP PROJECT NO. | 3-01-0071-010-2005 | |
|---|---|---|---|---|---|---|---|---|---|
| BRIEF ITEM DESCRIPTION | % FED | WORK CODES | UNITS | R/W | 1. CONST OR LAND COST | 2. ENGR OR LAND INCIDENTAL | 3. ADMIN | 4. TOTAL | 5. FEDERAL | 6. NON FEDERAL |
| Land for Airport Development | 95 | | 5 | 07/25 | $393,425 | $214,500 | $3,601 | $611,526 | $580,950 | $30,576 |
| Wetland Mitigation | 95 | | 1 | N/A | $0 | $400,000 | $0 | $400,000 | $380,000 | $20,000 |
| Topo Survey | 95 | | 1 | N/A | $0 | $70,000 | $0 | $70,000 | $66,500 | $3,500 |
| Geotechnical Testing | 95 | | 1 | N/A | $0 | $35,000 | $0 | $35,000 | $33,250 | $1,750 |
| Preliminary Engineering | 95 | | 1 | N/A | $0 | $94,000 | $0 | $94,000 | $89,300 | $4,700 |
| | | | | | | | | | | |
| TOTALS: | | | | | $393,425 | $813,500 | $3,601 | $1,210,526 | $1,150,000 | $60,526 |

7. RECOMMENDED WORK DESCRIPTION FOR GRANT OFFER:

Acquire Land (Property Satisfactory To The Administrator in Parcels 2, 3, 4, 5 and 6) As Shown on the Exhibit "A" Property Map dated August 16, 2005
Wetland Mitigation
Topo Survey
Geotechnical Testing
Preliminary Engineering

| 8. JUSTIFICATION FOR ANY INCREASE IN T/A AMOUNT OF | $1,150,000 | : (IF NO INCREASE, ENTER N/A) |
|---|---|---|

N/A

SIGNATURE OF SPONSOR'S ENGINEER: *D. Keith Shopper*   DATE: 8/22/05

| PART B: PREPARED BY FAA ENGINEER | YES | NO | ALL PROJECTS (LAND & CONSTRUCTION) | YES | NO |
|---|---|---|---|---|---|
| | ✔ | | 6. EXHIBIT "A" RECEIVED & CORRECT | ✔ | |
| LAND ACQUISITION AND | | ✔ | 7. PROJECT APPLIC IS COMPLETE & SIGNED CORRECTLY | | |
| RELOCATION ASSITANCE ONLY: | ✔ | | 8. ALL WORK IN PLANS & SPECS INCLUDED IN G.O. | | |
| 1. PEOPLE OR BUSINESSES (WERE ARE) LOCATED ON LAND | | ✔ | 9. STAGE CONSTRUCTION | | |
| 2. ONLY NECESSARY LAND IS INCLUDED | ✔ | | 10. COST BASED ON BIDS | | N/A |
| 3. LAND COST IS REASONABLE | ✔ | | 11. FORCE ACCOUNT | | |
| 4.a. LAND COSTS ARE BASED ON APPRAISALS or | ✔ | | 12. PLANS & SPECS ARE IN ACCORD WITH ES/FONSI | | |
| 4.b. BASED ON ACTUAL COSTS FOR REIMBURSEMENT | | | 13. COSTS ARE REASONABLE | | |
| 5. REQSTD LAND NOT IN A PREV G.A. or DELETED? | | | 14. AIR/WATER QUALITY CERT REC'D | | |
| | | | 15. SPONSOR LEGALLY OBLIG RELOC UTILITIES | | |

16. COMMENTS ON ABOVE NUMBERED ITEMS:

*None*

18. RECOMMENDED SPECIAL CONDITIONS FOR GRANT:

*None*

SIGNATURE OF FAA ENGINEER:   DATE: 8/23/05

JAN-ADO FORM 5100-4  11/15/96