IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASSOCIATION OF CITIZENS TO PROTECT AND PRESERVE THE ENVIRONMENT OF THE OAK GROVE COMMUNITY, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: **2:07-CV-378-MEF** ) |
| UNITED STATES FEDERAL AVIATION ADMINISTRATION, et al. | ) ) ) ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF THE
FEDERAL AVIATION ADMINISTRATION'S
MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff hoists itself on its own petard with its response brief. It argues that 49 U.S.C. § 46110 does not grant the Court of Appeals exclusive jurisdiction over this case because the FAA FONSI is not a final order. Pl's Response at 2-7. However, plaintiff's argument simultaneously deprives this Court of jurisdiction because the statute under which plaintiff brings this action, the Administrative Procedure Act (APA), 5 U.S.C. § 704, also limits judicial review to final agency actions. Therefore, if plaintiff's finality argument is accepted, neither the Court of Appeals nor this Court has jurisdiction over this case. Moreover, plaintiff's argument disregards the FONSI's clear decisional

language and the $1.2 million grant to the City of Troy that both demonstrate the finality of the FAA's order and subject this challenge to judicial review exclusively in the Court of Appeals pursuant to § 46110.

## ARGUMENT

A.   **This Court has no Jurisdiction Over Non-Final Agency Actions.**

Plaintiff's complaint alleges that the FAA violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4374, by issuing a finding of no significant impact (FONSI) rather than performing an Environmental Impact Statement (EIS). Complaint ¶¶ 1, 15-18.  NEPA does not create a private right of action and "'plaintiffs challenging an agency action based upon NEPA must do so under the Administrative Procedure Act.'" *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006)(*quoting, Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 939 (9th Cir 2005), *cert. denied,* 126 S.Ct. 2967 (2006)).  *See also, Noe v. Metropolitan Atlanta Rapid Transit Authority*, 644 F.2d 434, 439 (former 5th Cir. May 1, 1981)(holding that NEPA creates no private right of action).[1]

Only "final agency action" is subject to judicial review under the APA, and the statute specifically provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final

---

[1] All decisions of the former Fifth Circuit handed down prior to September 30, 1981, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

agency action." 5 U.S.C. § 704. *See also*, *Ouachita Watch League*, 463 F.3d at 1173 (holding that a "plaintiff wishing to establish standing under the APA must show that there has been a final agency action affecting it").

The concept of finality is identical for purposes of APA review and § 46110 review. The District of Columbia Circuit recently held that the test for APA finality articulated by the Supreme Court in *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997), controls the finality issue under § 46110. *Village of Bensenville v. FAA*, 457 F.3d 52, 68 (D.D.C. 2006). The Supreme Court held in *Bennet* that under the APA, "two conditions must be satisfied for agency action to be 'final': First the action must mark the consummation of the agency's decisionmaking process, it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined or from which legal consequences will flow." *Bennet*, 520 U.S. at 177-78 (internal quotes and citations omitted). *See also, U.S. Steel Corp. v. Astrue*, _ F.3d _, 2007 WL 2318731 *6 (11th Cir. 2007)(explaining APA test for finality). The *Bennet* standard also governs finality under § 46110. *Village of Bensenville*, 457 F.3d at 68.

Plaintiff argues that the Court of Appeals lacks jurisdiction under § 46110 because the FONSI contains contingencies and therefore cannot be final. Pl's Response at 2-7. As the Ninth Circuit recently observed, "[t]his argument is based upon a mistaken assumption that because finality is a predicate to [appellate] jurisdiction over an FAA

order, its absence necessarily must confer jurisdiction upon the district court." *Americopters, LLC v. FAA*, 441 F.3d 726, 735 (9th Cir. 2006)(internal citation omitted). This is not the case. If an FAA decision is final, § 46110 preempts District Court jurisdiction. *Id.* If it is not final, then the APA bars District Court review. *Id.* "**Thus, if an FAA order is not final, neither we nor the district court have jurisdiction over the case.**" *Id. (*emphasis added*).* *See also, Promptair, Inc. v. Hinson*, 1996 WL 680005 *4-5 (N.D. Ill. 1996)(unpublished)(explaining that "[t]he fact that the review sought here is of a *contemplated* FAA action, rather than a completed action, is of no effect," the District Court still lacks jurisdiction); *O'Donnell v. Bond*, 510 F.Supp. 925, 928-930 (D. D.C. 1981)(explaining that both the APA and Federal Aviation Act require finality and that review of any FAA order "must be undertaken in a Court of Appeals.").

This same jurisdictional bar prevents this Court from hearing plaintiff's APA claim based upon an alleged violation of FAA environmental regulations. Plaintiff argues that the FAA's failure "to review and approve the change in mitigation measures (creation of wetlands on-site v. purchasing wetland credits) is a violation of the FAA's own regulations." Pl's Response at 6. See generally, Pl's Response at 5-6. If the alleged decision not to review and approve the change is final, the Court of Appeals has exclusive jurisdiction pursuant to § 46110. If it is not final, as appears to be the case, then the APA bars review in this Court. 5 U.S.C. § 704; *Ouachita Watch League*, 463 F.3d at 1173; *Americopters, LLC*, 441 F.3d at 735.

Under no circumstances does this Court have jurisdiction over FAA decisions. Contrary to plaintiff's argument, "[t]here is ample evidence that Congress intended the decisions of the FAA to be reviewed solely under section 1486 [now § 46110]." *Suburban O'Hare Commission v. Dole*, 787 F.2d 186, 194 (7th Cir. 1986). This congressional intent was made manifest by the 2003 amendment to § 46110 that legislatively overruled *City of Alameda v. FAA*, 285 F.3d 1143 (9th Cir. 2002) and explicitly added FAA orders issued under part B- "Airport Development and Noise" to the exclusive appellate review provision of the Aviation Programs subtitle. *See*, H.R. Conf. Rep. 108-240, WL 21734243 *153 (Leg. Hist.)(2003). As the Seventh Circuit stated "[t]o permit [plainiff] to maintain this action in the United States district court would contravene the clear intention of Congress" that FAA decisions "be reviewed by the courts of appeals." *Suburban O'Hare Commission*, 787 F.2d at 194. *See also, Promptair, Inc.* 1996 WL 680005 *4-5 (holding that "Congress intended that *any* reviews of FAA action take place in the courts of appeals"). This Court need not reach the issue of whether the FAA has made a final order; either way, it lacks subject-matter jurisdiction.

**B.     The FONSI and Grant are Reviewable Final Orders.**

Although the Court need not reach this issue, the Finding of No Significant Impact/Record of Decision (FONSI/ROD) is, in fact, reviewable under § 46110. As the FAA pointed out in its opening brief, the FONSI here includes language stating

unequivocally that "[t]his decision constitutes the Federal approval of the actions identified above and any subsequent actions approving a grant of federal funds to [the] City of Troy. This action is taken pursuant to 49 U.S.C. Subtitle VII, Parts A and B, and constitutes a Final Order of the Administrator subject to review by the courts of appeals [of] the United States in accordance with 49 U.S.C. § 46110." Complaint, Exhibit B, FONSI, signature page. Therefore, the FONSI here also constitutes a Record of Decision (FONSI/ROD) that approves the proposed project.

The FAA's decision to issue a FONSI/ROD rather than perform an EIS was the culmination of the agency's NEPA decision-making process. *See, Sierra Club v. Army Corps of Engineers*, 446 F.3d 808, 815-16 (8th Cir. 2006)(holding that "the Corps decision to issue a FONSI constituted a 'final agency action' under NEPA that is subject to immediate judicial review"); *Southwest Williamson Community Assoc., v. Slater*, 173 F.3d 1033, 1036 (6th Cir. 1999)(holding that FONSI is final agency action); *Barnes v. Babbitt*, 329 F. Supp.2d 1141, 1158-59 (D. Ariz. 2004)(explaining that "[w]hen a party challenges an agency decision based on NEPA, ordinarily the claim accrues when the EIS, the Record of Decision, or Finding of No Significant Impact (FONSI) issues").

Two weeks after the FAA issued the FONSI/ROD, it entered into a $1.2 million grant agreement for the project with the City of Troy. Def. Ex. 1, Grant Agreement. The grant agreement states that "[a]cceptance and execution of this offer shall comprise a grant agreement, as provided by Title 49 U.S.C., **constituting the contractual**

6

**obligations and rights of the United States and the Sponsor**." *Id.*, (emphasis added). There can be no question that the grant agreement, made in reliance on the FONSI/ROD, shows that the FAA has made a final order "from which rights or obligations have been determined [and] from which legal consequences will flow." *Bennett*, 520 U.S. 154, 177-78. *See also, Karst Environmental Education and Protection, Inc. v. EPA*, 475 F.3d 1291, 1298 (D. D.C. 2007)(holding that award of federal grant is final agency action for NEPA purposes); *Aerosource, Inc. v. Slater*, 142 F.3d 572, 576-80 (3rd Cir. 1998)(holding that to be reviewable under § 46110, order need not be formal, but must be final and must impose obligations, create rights, or fix some legal relationship). The grant is a concrete federal action initiating this project. Accordingly, the FONSI/ROD here is subject to appellate review under § 46110.

    C.    **Plaintiff Argues the Wrong Legal Standard.**

Finally, plaintiff urges the wrong legal standard on the Court. Plaintiff argues that "[a] motion to dismiss should be granted only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief." Pl's Response at 6. The Supreme Court recently overruled this "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), holding that "after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by any set of facts

7

consistent with the allegations in the complaint." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

Moreover, this now-discredited standard applied only to Rule 12 (b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. *Id.* It never had any application to motions to dismiss for lack of subject-matter jurisdiction under Rule 12 (b)(1). *Id.* Federal Courts have an obligation to inquire into subject-matter jurisdiction whenever it may be lacking. *See, University of South Alabama v. American Tobacco Company*, 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiff's jurisdictional conclusions are entitled to absolutely no deference when evaluating subject-matter jurisdiction even if they are cast in the form of factual allegations. *Ashley v. Dept. of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005). *See also, Williamson v. Tucker*, 645 F.2d 404, 412-14 (former 5th Cir. 1981)(explaining that the District Court has the power to dismiss for lack of subject-matter jurisdiction based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts). Here, plaintiff incorporated the complete Environmental Assessment and FONSI in its complaint, *see* Complaint ¶ 12, and the FAA filed the grant agreement as an exhibit to its motion. Def. Ex. 1, Grant Agreement. These undisputed facts conclusively establish that this Court lacks subject-matter jurisdiction.

## CONCLUSION

For all of the above reasons and the reasons stated in the FAA's opening brief, plaintiff's claims should be dismissed in their entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 24th day of August, 2007.

                                         LEURA G. CANARY
                                         United States Attorney

By:  /s/Stephen M. Doyle
      STEPHEN M. DOYLE
      Chief, Civil Division
      Assistant United States Attorney
      Attorney for Defendants
      Post Office Box 197
      Montgomery, AL 36101-0197
      District of Columbia Bar No. 422474
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      **E-mail: stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Benjamin Max Bowden, Esquire.

                                         /s/Stephen M. Doyle
                                         Assistant United States Attorney