IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ASSOCIATION OF CITIZENS TO PROTECT AND PRESERVE THE ENVIRONMENT OF THE OAK GROVE COMMUNITY, | ) ) ) ) ) | |
| PLAINTIFF, | ) ) | |
| VS. | ) ) | Case Number: 2:07-cv-378 |
| UNITED STATES FEDERAL AVIATION ADMINISTRATION, et al, | ) ) ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Comes now the Plaintiff, by and through counsel, and pursuant to Fed. R. Civ. P. 59, hereby moves this Honorable Court to alter or amend its judgment in this cause. In support of this request, the petitioner says the following:

1. On September 4, 2007, this Court entered a final judgment, granting Defendant's Motion to Dismiss Plaintiff's Complaint without prejudice on the grounds that the Court did not have subject matter jurisdiction.

2. Fed. R. Civ. P. 59 permits a party to file a motion to alter or amend a judgment "no later than 10 days after entry of the judgment." The rule provides further that in a matter tried without a jury, "the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions and direct the entry of a new judgment." Fed. R. Civ. P. 59(a).

3. As grounds for this motion, the Plaintiff shows unto the Court that there is an actual controversy between the parties and before the Court concerning the nature of the FONSI issued

by the FAA. The issue is whether or not the FONSI is a "final order" of the agency.

  4. Part of the Plaintiff's Complaint requests a ruling from the Court under the Declaratory Judgment Act (28 U.S.C. §§ 4321 *et seq.*). The Court's current ruling leaves open the question of the nature of the FAA order at issue in this case. A resolution of this issue has significant impact on the parties.

  5. If the FONSI is considered to be a "final order", then the Plaintiff agrees with the Defendant that the claims concerning the proper application of NEPA (42 U.S.C. §§ 4321) and the controversy over the level of environmental review applied to this project should be filed with the Eleventh Circuit Court of Appeals. However, the Plaintiff <u>disagrees</u> with the Defendant and the Court that it cannot take up the issue of a violation of the Administrative Procedure Act (5 U.S.C. §§ 551, *et seq.*) if this is a final order. That is a separate allegation arguing that a federal agency failed to follow its own regulations. This Court can and should determine the APA claim on its merits <u>if</u> the FONSI is a final order.

  6. If the FONSI is not a final order, which apparently the Plaintiff and the Defendant agree that it is not[1], then the Plaintiff can and will await the FAA final order in this matter to determine if that final order comports with the law in this area. The Plaintiff is simply seeking a declaration from the Court that the FONSI is not a final order.

  7. In summary, the Plaintiff is calling upon the Court to decide whether the FONSI at issue in this case is a final order as that term is interpreted in this area of the law. As is apparent from the pleadings in this matter, there is an actual controversy regarding this critical point and a determination of this issue significantly affects the legal rights of the parties involved. The Plaintiff has sued for a declaratory judgment and respectfully requests this Honorable Court

---

[1] "If it is not final, **as appears to be the case**, then the APA bars review in this Court. (doc. 19 – pg 4 – FAA Reply Brief).

render a judgment in this matter on this narrow point.

WHEREFORE, for the above-stated reasons, the Plaintiff moves this Honorable Court to alter or amend its judgment in this matter and enter a finding that the FONSI issued in this case was not a final order of the FAA. To the extent necessary, the Plaintiff request the Court set an evidentiary hearing on the matter and allow the Plaintiff limited discovery into this narrow point. The Plaintiff requests oral argument before the Court on the merits of this current motion.

> s/ Benjamin M. Bowden
> Benjamin M. Bowden (BOW035)
> ASB-1909-N43B
> Attorney for Plaintiff
> Albrittons, Clifton, Alverson,
> Moody & Bowden, P.C.
> Post Office Drawer 880
> Andalusia, Alabama 36420
> Telephone : (334)-222-3177
> Fax:  (334)-222-2696
> E-mail: bbowden@albrittons.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the efile.alacourt system which shall send notification of such filing to the following counsel of record which includes:

Stephen Michael Doyle
stephen.doyle@usdoj.gov

> s/ Benjamin M. Bowden
> OF COUNSEL