IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASSOCIATION OF CITIZENS TO ) | |
| PROTECT AND PRESERVE THE ) | |
| ENVIRONMENT OF THE ) | |
| OAK GROVE COMMUNITY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-378-MEF |
| ) | |
| UNITED STATES FEDERAL ) | |
| AVIATION ADMINISTRATION *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND O R D E R

This cause is before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. # 25). In this lawsuit, Plaintiff claims that the FAA violated the Administrative Procedure Act ("APA") by not following its own environmental regulations with its approval of a proposed improvement project at the Troy Municipal Airport in Troy, Alabama. Complaint (Doc. # 1, ¶ 1).[1] On September 4, 2007, this Court granted Defendants' Motion to Dismiss because it lacks subject matter jurisdiction (Doc. # 23). By the instant motion, Plaintiff asks this Court to alter that ruling.

---

[1] In December 2004, the City of Troy submitted an Environmental Assessment of the Project to the FAA. On August 15, 2005, the FAA issued a Finding of No Significant Impact ("FONSI") with respect to the project's effect on the quality of the human environment. Plaintiff claims that the FAA violated its procedures by issuing the FONSI without first preparing an Environmental Impact Statement. Complaint (Doc. # 1).

In its Motion to Alter or Amend Judgment, Plaintiff argues that this Court has subject matter jurisdiction to hear Plaintiff's APA claim if the FONSI is a final order. Therefore, Plaintiff asks this Court to determine whether the FONSI is a final order. For the reasons stated below, the Court does not need to determine whether the FONSI is a final order because even if it is, this Court would lack subject matter jurisdiction.

The Administrative Procedure Act provides judicial review for those injured by agency action. 5 U.S.C. § 702. Congress determines the court in which judicial review occurs. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Unless a statute provides for judicial review in a particular court, district courts have jurisdiction over APA claims. *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979). "If, however, there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies." *Id*. With respect to claims involving FAA orders, 49 U.S.C. § 46110(a) provides that

> a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the . . . court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

*Id*. Subsection (c) states that the courts of appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the Secretary, Under Secretary, or Administrator to conduct further proceedings." § 46110(c).

Plaintiff argues that if the FONSI is a final order, then the Eleventh Circuit Court

of Appeals would have jurisdiction over the issue of "the proper application of [the National Environmental Policy Act] and the controversy over the level of environmental review applied to [the airport] project," but this Court would have jurisdiction over the APA claim. Motion to Alter or Amend Judgment (Doc. # 25, ¶ 5). Thus, Plaintiff characterizes the APA claim as a "separate allegation" that is not within the scope of the Court of Appeals's jurisdiction. However, an APA claim is precisely the type of claim that is addressed by 49 U.S.C. § 46110. This Court, like other courts that have considered this issue, rejects Plaintiff's argument that "a gap between FAA Act jurisdiction and general APA jurisdiction exists." *Promptair, Inc. v. Hinson*, 1996 WL 680005, at *4 (N.D. Ill. Nov. 21, 1996) (citing *Suburban O'Hare Comm'n v. Dole*, 787 F.2d 186, 193 (7th Cir. 1986)).

Even if there was a jurisdictional gap between the FAA Act and the APA, the Court of Appeals would still have exclusive jurisdiction in this case. "[S]tatutes such as Section 46110(c) that vest judicial review of administrative orders exclusively in the courts of appeals also preclude district courts from hearing claims that are 'inescapably intertwined' with review of such orders." *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001) (quoting *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 271 (2d Cir. 1999)). "A claim is inescapably intertwined in this manner if it alleges that the plaintiff was injured by such an order and that the court of appeals has authority to hear the claim on direct review of the agency order." *Id.* (citing *City of Tacoma*, 357 U.S. at 336, 339). In this case, the APA claim is "inescapably intertwined" with the review of the FONSI. Plaintiff alleges

that it was injured by the FONSI because it "eliminat[ed] the need for an Environmental Impact Statement." Complaint (Doc. # 1, ¶ 17).

Although the courts of appeals have jurisdiction to review claims involving FAA orders, district courts have subject matter jurisdiction "over broad constitutional challenges to FAA practices because the Federal Aviation Act, 49 U.S.C.A. §§ 40101-49105 (1995), provides no remedy for such claims." *Foster v. Skinner*, 70 F.3d 1084, 1088 (9th Cir. 1995) (citing *Mace v. Skinner*, 34 F.3d 854, 858-60 (9th Cir. 1994)). In *Foster*, Plaintiff claimed that "the FAA violated the Administrative Procedures Act by not publishing rules regarding suspensions, and not giving Foster notice and an opportunity to comment on the rules." *Id.* at 1087. The allegations involved broad constitutional challenges, and not claims specific to the Plaintiff's individual case. *Id.* at 1088. Therefore, the Court of Appeals held that the District Court had subject matter jurisdiction. *Id.* In this case, Plaintiff alleges that Defendants violated the APA by issuing a FONSI without considering an Environmental Impact Statement. This allegation does not involve a broad constitutional challenge, but rather that the FAA did not follow its procedures in this particular case.

This Court lacks subject matter jurisdiction to hear Plaintiff's claims. Therefore, it does not need to reach the issue of whether the FONSI in this case is a final order. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Alter or Amend Judgment (Doc. # 25) is DENIED.

Done on this the 31st day of October, 2007.

                                                                  /s/ Mark E. Fuller
                                           CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).